## White v. Commonwealth.

(Decided Sept. 21, 1910.)

## Appeal from Bell Circuit Court.

Rape—Plea of Guilty by Advice of Counsel.—On a plea of guilty in a rape case by a boy of 16 on a girl of 8 years of age, where the jury fixed the death penalty. Held, that the defendant being represented by an attorney of high standing, who advised his client to plead guilty and take the chance of getting a life imprisonment, there having been hung juries on two previous trials, the verdict will not be reversed.

N. J. WELLER, and WELLER & POINTS for appellant.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Affirming.

The appellant. James White, was indicted by the grand jury of Bell county, charged with the offense of rape, committed upon the person of Mossie Woodard, an infant female about 8 years of age. When his case was called for trial, the record shows that he personally waived a formal arraignment, and entered a plea of guilty; whereupon the jury returned a verdict of guilty in accordance with the plea, and fixed his punishment at death.

Afterwards, a motion for a new trial was entered, and grounds filed, all of which was overruled by the court and the sentence of the law pronounced.

One of the grounds urged by appellant for a reversal of the judgment is that one of his counsel, J. B. Weller, was sick and unable to attend the trial; that Mr. Weller was opposed to the plea of guilty, and if he had been there would not have permitted it to be made; that the record shows that the boy was only about 17 years of age and his mind so weak that he practically was unable to judge of what was best for him in the situation in which he was placed. In response to this, it may be said that the defendant was represented on the trial by O. V. Riley, a reputable attorney of high standing at the bar, who had been appointed by the court and who was thoroughly familiar with every phase of the case.

No continuance was asked because of the absence of
Mr. Weller, and no motion for a change of venue was
made because of any supposed difficulty in the defend-
ant's securing a fair and impartial trial in Bell county.
Mr. Riley, with all the facts before him, and after a most
mature consideration, and having fully discussed the
situation with the accused, was of opinion that it would
be better for his client to plead guilty and take a chance
of the jury, in their discretion, fixing the punishment at
life imprisonment, than to try out the case under a plea
of not guilty and having all of the evidence detailed
to the jury; and being of this opinion, he permitted his
client to waive a formal arraignment and enter a plea
of guilty. There may be a difference of opinion as to
whether this course was wise, but there is no suggestion
of a lack of good faith on the part of counsel, and the
accused can not now complain that the jury, who had
a discretion in the matter, fixed his punishment at death
instead of imprisonment for life. If the accused desired
the presence of Mr. Weller at his trial, he should have
made known to the court this fact and asked a con-
tinuance of the case in order to secure his presence on
another day; and if he felt that he could not secure
a fair and impartial jury in Bell county, he should have
made a motion for a change of venue. Failing to do
either of these things, as said before, he can not now
complain because of the absence of one of his counsel,
or that the jury, exercising their legal discretion, award-
ed the highest penalty known to the law by their ver
dict. To reverse the judgment of the court in this case
under these circumstances, would be to make a trial for
crime a mere mockery.

It is also complained on this appeal, that the trial
court orally instructed the jury, instead of reducing the
instruction to writing. As a matter of fact, while the
court did orally tell the jury their duty under a plea
of guilty, he subsequently reduced it to writing and
sent it to the jury room before a consideration of the
case had taken place. It seems to us that this was a
substantial compliance with the Code provision requir-
ing instructions to be given in writing.

A careful consideration of this record convinces us
that no substantial right of the accused was violated by
anything which took place upon the trial. On the con-
trary, we believe his interests were looked after care-

fully and faithfully by his counsel; and while he did not succeed, by entering the plea of guilty, in having the verdict fixed at life imprisonment instead of death, still, having taken his chance on that theory, he can not have a new trial because it failed to accomplish the desired end.

In conclusion, we deem it proper to say that Mr. Riley had been the attorney for the accused from the first, whereas Mr. Weller, the absent counsel, had come into the case at a later period. Mr. Riley, therefore, was equally as familiar with the facts of the case as Mr. Weller. There had been two trials prior to the one at which the conviction was had. On the first trial the accused had pleaded guilty, and the jury disagreed on the question of punishment, it being said that eleven were for the death penalty and one for life imprisonment. On the second trial a plea of not guilty was entered, and the jury were again unable to agree, standing ten for the death penalty and two for life imprisonment. These facts are important to show that Mr. Riley, when he permitted his client to plead guilty on the third trial, was thoroughly conversant with the case, and was in a position to have a very decided opinion as to what was best for his interest. Moreover, the record shows that he consulted with several high officials in the county, who had taken an interest in seeing that the defendant had justice done him, and they concurred in the belief that it was best for the defendant to plead guilty.

For the foregoing reasons, we are constrained to the conclusion that the interests of the defendant were carefully guarded throughout the trial, and that no error was done to any of his substantial rights.

Judgment affirmed.