## Piercy v. Commonwealth.

(Decided September 29, 1922.)

### Appeal from Madison Circuit Court.

1. Criminal Law—Continuance.—The rights of one accused of crime must be protected with reference to the time of trial, as well as in the course of trial, and the right of the accused to be represented by counsel necessarily carries with it the right of counsel to have a reasonable opportunity to study the case in its various aspects, and properly prepare it for trial. But where there has been a reasonable opportunity for preparation, it is not error to refuse a continuance unless on motion therefor it be shown that, by postponing the trial, some competent fact or circumstance of material aid to the defense could be established.

2. Criminal Law—Continuance—Affidavit for.—Where counsel for the accused was employed about two months before the trial, and the affidavit for a continuance merely stated generally that there were numerous witnesses that counsel should interview and subpoena, but gave the name of no witness needed, and set out no fact that could be established in the event of a continuance, it was not error to overrule the motion, notwithstanding it further appeared that counsel was a member of the General Assembly, which was then in session, and had been in session almost continuously since his employment.

MILLER & MILLER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Lawrence T. Piercy, the appellant, was indicted jointly with Thomas Keith and Monk Wilson in the Madison circuit court, under sections 1241a-1 and 1241a-3, Kentucky Statutes, for confederating and banding together for the purpose of injuring P. W. Wells, and it

was charged that, pursuant to the conspiracy entered into, they inflicted serious injuries upon Wells. On the trial appellant was found guilty and sentenced to confinement in the penitentiary for fifteen years.

In the opinion in the Keith case, reported in 195 Ky. at page 635, the facts with reference to the offense with which appellant is charged, and in which he took a leading part, are set out. On this appeal, only one error is assigned for a reversal of the judgment, viz., the overruling of appellant's motion for a continuance, when the case was called for trial at the February, 1922, term of court.

The offense charged in the indictment was committed on December 2, 1921. Appellant was arrested on December 29th, after having been identified at Lexington by Wells the previous day. Immediately after the arrest he was taken to Madison county, but, within a few days, was returned to Lexington for an examining trial in the United States Court on the charges pending against him in that court, and, after that trial, was returned to Madison county for an examining trial, which was held by the county judge, and, in default of bond, he was incarcerated in the Clark county jail. Shortly after his arrest on the charge in this case he employed Harry B. Miller, of Lexington, as his counsel, it being alleged in his affidavit for a continuance that Miller had previously represented him and was his regular counsel. On February 7th an indictment was returned against him, and, upon the filing of same, the case was assigned for trial to February 27th. When the case was called for trial on the latter date, appellant's affidavit and that of his counsel were filed in support of his motion for a continuance. The motion was overruled, a trial had, and a judgment of conviction rendered. The only ground urged on this appeal for a reversal of the sentence is, as we have stated, error of the trial court in refusing to grant a continuance.

Murphy v. Commonwealth, 92 Ky. 485, Penman v. Commonwealth, 141 Ky. 660, and McDaniels v. Commonwealth, 181 Ky. 766, are relied on as supporting the contention that the case should have been reassigned. These cases and others that might be cited enunciate a principle that has been uniformly adhered to in this jurisdiction, i. e., that the substantial rights of the accused must be protected with reference to the time of trial, as well as in the course of trial, and that the right of accused to be represented by counsel necessarily carries with it the

right of counsel to have a reasonable time and opportunity to study the case in its various aspects, and properly prepare it for trial. These rights are indisputable, and should always be protected by the courts. As to whether they have been violated in any given case involves an inquiry into the facts of that particular case. In this case, the chief ground for a continuance was that appellant's counsel had not had an opportunity to prepare his defense, it being asserted that he was a member of the legislature, and that, almost immediately after his employment, his official duties required his attendance on the sessions of the legislature at Frankfort, thus preventing him from giving to appellant's case the time and attention necessary to its proper preparation. It was also alleged that, in employing Miller, appellant expended all the money he had and could not employ other counsel, and that from the time of the employment until the date of the trial, appellant had the opportunity of only two or three brief conferences with his counsel. These statements are made by the accused and by his counsel in their affidavits for a reassignment of the case. It should be remembered, however, that counsel was employed almost immediately after the arrest was made December 29th, that on February 7th, 1922, the indictment was returned and the case set for trial on February 27th. The accused and his counsel had more than two months to prepare for trial, and after February 7th they knew the case would be called for trial on February 27th. Within that period they could certainly have prepared the case for trial or prepared themselves to offer some valid reason, if one existed, why it should be continued. It does not appear from the affidavits filed in support of the motion that, by the granting of a continuance, any fact could have been ascertained or any witness interviewed that would have materially aided the defense. The general statement was made that there were numerous witnesses that appellant's counsel should interview and subpoena in the preparation of the case; but the name of no witness was given, nor was it shown what any witness would testify to. The official duties of counsel, as a member of the General Assembly, are, as we have noted, offered as an excuse for failing to interview witnesses. But the accused knew that his counsel was a member of the General Assembly when he was employed, and counsel knew at the time what his duties with respect to attending the

sessions were. If counsel was not in position to represent the accused during the sessions of the legislature, other counsel might have been employed, and certainly, after the case was assigned for trial to February 27th, there was ample time for the accused and his counsel to prepare their case, or, if that could not be done, to investigate the facts sufficiently to determine whether evidence in aid of the defense could be procured, and if it could, to make a legal showing in that respect on the motion for a continuance.

While it has been uniformly and justly held that the right to a fair trial involves the right of a reasonable time in which to prepare for trial and to present all available defenses, it is also well settled that a judgment will not be reversed for refusing to grant a continuance if it does not appear that the substantial rights of the accused have been violated by reason of the denial of the motion. The record in this case discloses no fact indicating that the accused was not as well prepared for trial at the February term as he would have been at a subsequent term. Where reasonable opportunity for preparation is shown, as in this case, it is not error to refuse to continue the proceeding unless the affidavit for a continuance states some material fact that could be established by an absent witness, or discloses some relevant or competent circumstance that could be proved in the event of a continuance. Murphy v. Commonwealth, 92 Ky. 485; McDaniels v. Commonwealth, 181 Ky. 766; Watkins v. Commonwealth, 149 Ky. 29. An application for a continuance is a matter addressed to the sound discretion of the trial court, and its rulings on such questions will not be disturbed in the absence of a showing that the discretion has been abused. Caudill v. Commonwealth, 155 Ky. 578; Kelly v. Commonwealth, 165 Ky. 483.

Applying these rules, intended to safeguard the rights of the accused and to insure to him a fair trial, necessarily including the right of a reasonable opportunity to prepare for trial, and also intended to expedite the trial of cases so far as it is consistent with justice and fairness, we are unable to see wherein there was an injudicious exercise of the authority of the trial court in overruling the motion for a continuance and requiring appellant to proceed to trial.

Nor do we perceive any force in the suggestion that the sentence imposed in the Keith case, *supra,* as compared to that given in the instant case, indicates that ap-

pellant was compelled to go into trial without a reasonable opportunity to prepare his case. Under the evidence in this case appellant was more active in the crime committed, and, therefore, more culpable than was Keith, but, aside from that consideration, it was the province of the jury in this case, as it is in every case, to fix the punishment after having determined the guilt. Appellant introduced no evidence. His guilt was established beyond question, and the offense was outrageous. In these circumstances it is not to be thought that the disparity in the sentences imposed is attributable to a difference in the fairness of the trials or in opportunity to prepare for them.

Finding no errors in the record prejudicial to the substantial rights of appellant, the judgment is affirmed.