## McQueen v. Commonwealth.

(Decided March 23, 1928.)

### Appeal from Harrison Circuit Court

1. Criminal Law.—Application for a continuance is a matter addressed to sound discretion of the trial court, and its rulings on such questions will not be disturbed, in absence of showing discretion has been abused.

2 Criminal Law.—Where reasonable opportunity for preparation is shown, it is not error to refuse to continue proceeding, unless affidavit for continuance states some material fact that could be established by absent witness or discloses some relevant or competent circumstances that could be proved in event of continuance.

3. Criminal Law.—It is not an abuse of discretion to refuse a continuance because of temporary disqualifications of one attorney, when there are others employed in the case, and to justify continuance under such conditions circumstances would have to be peculiar and clearly show that accused's rights were prejudiced by refusal.

4. Criminal Law.—New trial ought not to be granted on speculative idea that possibly new witnesses may be obtained.

5.  Criminal Law.—Where defendant, in prosecution for murder, was
    not tried until several months after indictment, though he was a
    fugitive during greater part of such period and two weeks inter-
    vened between incarceration and trial, refusal of continuance be-
    cause of inability of one of counsel to properly prepare case held
    not error, where other counsel was not so circumstanced that he
    could not have made simple investigation of disputed fact required.

WADE H. LAIL and SWINFORD & SWINFORD for appellant.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, As-
sistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirm-
ing.

The appellant was convicted of the crime of murder
and sentenced to death. He appeals.

The facts are these: Appellant, who lived in Cyn-
thiana, had been arrested for a violation of the federal
prohibition laws and carried to Lexington for trial
before the federal court sitting at that place. He gave
bond and returned to Cynthiana. There is testimony
tending to show that he was much incensed at his arrest
and threatened to kill the person who had "turned him
up." On the afternoon of April 25, 1927, appellant pur-
chased and drank two pints of moonshine liquor. He
then armed himself with a shotgun and made his way to
the river. He says he was going duck hunting, although
the evidence shows that it was past the season for that
sport. When he reached the river bank, he found Lewis
Williams sitting there. Up to this point there is not
much dispute in the evidence, but the proof for the com-
monwealth and that of the appellant differ radically as
to what then occurred. The proof for the commonwealth
consisted of the testimony of George Craig, who said
that the appellant, on seeing Williams, told the latter
that his time had come, and that Williams replied, "Wait
until I go into the house and get mine," whereupon the
appellant fired his shotgun, the load going into the back
of Williams by one of the shoulder blades. Williams was
up by this time. Appellant reloaded his gun, it being a
single barrel shotgun, and shot Williams again in the
back, the load going in by the other shoulder blade. Wil-
liams dropped to the ground, dead. Williams made no
attack on the appellant and was unarmed. The appel-
lant testified that, although Craig was seated by Wil-

liams when he first got there, Craig left immediately and did not see the shooting.

Appellant further testified in substance: That, when he approached the river bank, Williams accused him of having said that he had been "turned up" by Williams. Appellant denied this, whereupon Williams said, "Well, I heard you done it and anybody that says that is a damn liar." Appellant responded that Williams was the one who brought this up and that he was no more of a liar than Williams. That Williams then said, "We are going to settle this," and started to place his hand in his pocket as though to draw a knife. Appellant then shot Williams. To substantiate his claim that Craig was not present when the shooting took place, the appellant filed his affidavit as to what an absent witness, Anne Johnson by name, would say if present at the trial. The court permitted this affidavit to be read as the deposition of Anne Johnson. In substance, it said that she was standing near a well close to the scene of the shooting when it took place; that Craig was near her at that time and could not, from that place, have seen the shooting. As to what occurred after the killing, the evidence again is not in dispute. Appellant made his way down town, threatened another party, stated to several people that he had killed one "son of a bitch nigger and was looking for another" and then disappeared. It is true appellant does not admit making these threats, but neither does he deny them. He simply says that he does not remember making them. The body of Williams was prepared for burial, was searched by the undertaker, and no knife or pistol was found upon him.

Appellant was indicted on May 31, 1927, for the murder of Williams, but he was not apprehended until the following September, when he was found and arrested in Pontiac, Mich. He was brought back to Cynthiana and lodged in jail on Sunday, September 4th. The next day he employed Judge Wade H. Lail, of Cynthiana, to defend him. The September term of the Harrison circuit court began on this day. On September 7th appellant was brought into court and his trial was set for Monday, the 12th. On that day appellant through his attorneys Judge Lail and the firm of Swinford & Swinford, which had in the meantime also been employed to defend the appellant, procured a continuance of the trial to the 19th day of September. When the case was called for trial on that day, his attorneys again moved for a

continuance. This motion was overruled. The case then proceeded to trial, with the result stated.

The sole ground urged in this court for a reversal of the judgment is that the lower court erred in not granting the continuance requested on the day when the case was called for trial and tried. When the trial court continued this case on the 12th, he did so on the strength of the affidavits then filed of the appellant and of his counsel Judge Lail and Hon. Mac Swinford. In substance these affidavits averred that the firm of Swinford & Swinford had not been employed until the 8th of September, at which time the senior member of the firm was at the bedside of a son who was fatally ill in Louisville, Ky.; that this senior member had been at the bedside of this son practically all the time since the employment of the firm and had been unable, on account of such absence from Cynthiana and on account of his mental distress, to give this case any attention; that the junior member of the firm, Hon. Mac Swinford, had been to Louisville a good deal of the time to see his brother and had likewise been unable, on account of such absences and his distressed state of mind, to give the case the attention it required; that Judge Lail had been very busy during the term of court; that he had depended on his associate counsel in large measure for the preparation of this case; and that for these reasons he, too, had been unable to prepare properly this case for trial. On the 19th the only affidavit filed by the appellant in support of the motion then made for a continuance was that of Hon. M. C. Swinford, the senior member of the firm of Swinford & Swinford, which stated his continued presence at the bedside of his son and his inability to prepare this case for trial. The parties, though, seemed to have treated the affidavits filed on the 12th as being still applicable in support of the motion of the 19th and we will do likewise. The commonwealth filed the counter affidavit of the commonwealth's attorney, which, so far as Hon. M. C. Swinford is concerned, did not controvert any of the facts alleged as to him. This counter affidavit did state, though, that the appellant, when he employed the firm of Swinford & Swinford, knew the handicap under which both of its members were then laboring, and, despite such knowledge, retained them. As to Hon. Mac Swinford and Judge Lail, the counter affidavit stated that they had both been in Cynthiana practically all the time from the 5th of September to the 19th; that they

were both capable, competent, and able attorneys; that the number of witnesses was small; and that they had had ample opportunity for preparation.

This case took two days for trial. On the opening of the court on the second day, the appellant moved to set aside the swearing of the jury and for a continuance of the case. In support of this motion he filed his affidavit, in which he reiterated his unpreparedness for trial, and stated that he did not know what the witness Craig was going to testify to until he heard the opening statement of the commonwealth; that Craig was not present at the time of the shooting as he could prove by Anne Johnson, who was at present in Milwaukee. In this affidavit the appellant set out that Judge Lail's sister had been very ill; that she was Judge Lail's office assistant; that Judge Lail depended upon her assistance in the preparation of his trials; and that, for this additional reason, Judge Lail was unprepared for trial. So far as this affidavit embodied what Anne Johnson would have testified to, if present, it was allowed by the trial court to be read as her deposition. It was in this state of the record that the trial court declined to continue the case.

In testing whether any prejudicial error was committed by the trial court in his refusal to grant the continuance requested on the 19th, certain salient facts must be borne in mind. Appellant admits he shot and killed the deceased. He does not deny the threats the witnesses say he made prior to the killing or the statements attributed to him after the killing. According to his theory, no one was present at the shooting but the deceased and himself. The only chance, then, he has to strengthen his case or to weaken that of the commonwealth, is to prove the absence of Craig at the time of the shooting. In his affidavit, he says that he did not know what Craig would say until the commonwealth made its opening statement, and yet Craig's name was one of the six names appended to the indictment as those of the witnesses. There is no showing made in this record that appellant can in any way, if given a new trial, corroborate the statement of his witness Anne Johnson to the effect that Craig was not present when the shooting occurred. On the facts as they had them, the appellant's counsel, despite the handicaps set out in the affidavits, well and skillfully represented him.

Further, it must not be forgotten that on the facts as they appear in this record the appellant when he em-

ployed his counsel knew of the handicaps under which they were laboring. Under such circumstances he may not well complain of such handicaps. Piercy v. Commonwealth, 195 Ky. 725, 244 S. W. 52. An application for a continuance is a matter addressed to the sound discretion of the trial court and its rulings on such questions will not be disturbed in the absence of a showing that the discretion has been abused. Caudill v. Commonwealth, 155 Ky. 578, 159 S. W. 1149; Kelly v. Commonwealth, 165 Ky. 483, 177 S. W. 249. Where a reasonable opportunity for preparation is shown, it is not error to refuse to continue the proceeding, unless the affidavit for a continuance states some material fact that could be established by an absent witness or discloses some relevant or competent circumstances that could be proved in the event of a continuance. Murphy v. Commonwealth, 92 Ky. 485, 18 S. W. 163, 13 Ky. Law Rep. 695; McDaniel v. Commonwealth, 181 Ky. 766, 205 S. W. 915; Watkins v. Commonwealth, 149 Ky. 26, 147 S. W. 947.

Further, it is not an abuse of discretion to refuse a continuance because of the temporary disqualifications of one attorney when there are others employed in the case and to justify a continuance under such conditions the circumstances would have to be peculiar and clearly show that the accused's rights were prejudiced by the refusal of the continuance. Owen v. Commonwealth, 181 Ky. 257, 204 S. W. 162. As stated, the facts of this homicide were not in dispute except on the question whether appellant shot the deceased in his necessary self-defense. The location of the wounds in the back of the deceased and the facts that appellant had armed himself prior to the homicide, that he had made threats which he does not in terms deny, and that no pistol or knife was found upon the deceased after his death, are all very powerful factors weighing against the contention of the appellant.

No doubt, the question of the presence or absence of Craig at the time of the shooting is important. But in a place no larger than Cynthiana it would not take long to investigate that question, and while it is true that the members of the firm of Swinford & Swinford were greatly handicapped and that one of these members probably under the circumstances could give no thought or time to preparation, yet the record shows that Judge Lail was available throughout the period from September 5th to the 19th, a period of 14 days. As one of appel-

lant's counsel was available for this task and as this counsel was thoroughly competent for it, appellant may not complain, as we have seen, that his other counsel were unable to make the investigation. True it is that Judge Lail was busy during this time, but the record does not show that he did not have the time to make this investigation. In a town the size of Cynthiana it would have taken but little time to interview the six witnesses whose names were appended to the indictment. Such an interview would at once have disclosed that concerning which Craig was going to testify. It would not have taken long to have ascertained if there was any other witness beside Anne Johnson, who claimed to have seen Craig at the well at the time of the shooting. This is all the additional preparation that could have been of any value in this case. New trials ought not to be granted on the speculative idea that possibly new witnesses may be obtained. The issues of law and fact in this case were very simple and there is not the slightest intimation in the record that any other witness can be obtained to corroborate Anne Johnson. Under such circumstances the trial court did not abuse its discretion in refusing to grant the requested continuance or in overruling the motion for a new trial based on such refusal.

The cases upon which the appellant relies are clearly distinguishable on their facts. In the case of McDaniel v. Commonwealth, 181 Ky. 766, 205 S. W. 915, the accused was arrested on the 22d of April in Warren county and was on the 25th transferred to Jefferson county for protection against mob violence. He was too poor to employ counsel and only secured counsel on the day his trial begun. He was tried under threats of mob violence. On these facts this court held that he should have been granted a continuance. No such facts as these appear in this case. In Smith v. Commonwealth, 133 Ky. 532, 118 S. W. 368, the trial of the accused was set four days after his indictment. As he was unable to employ counsel the court appointed counsel for him. The appointed counsel was very busy trying other cases. The sheriff was unable in the short time intervening between the indictment and trial to subpoena the witnesses for the accused and we held that he should have been granted a continuance. In the case of Miller v. Commonwealth, 197 Ky. 703, 247 S. W. 956, the accused was himself shot in the melee. He was unable to employ counsel. The court appointed counsel for him on October 9th and fixed

October 12th as the date for his trial. During these intervening 3 days the accused was suffering seriously from his gunshot wound. After the trial it developed that the accused was an escaped lunatic suffering with paranoia. On these facts, we held it error to refuse a new trial to the accused. The next case is that of Samuels v. Commonwealth, 154 Ky. 758, 159 S. W. 575. There the accused was unable to employ counsel and the court appointed counsel for him on the day of the trial. After the trial newly discovered evidence was procured of vital importance. It was held that the accused was entitled to a new trial. In the case of Allen v. Commonwealth, 168 Ky. 325, 182 S. W. 176, the trial was set 3 days after the return of the indictment and on account of the peculiar facts in that case the accused was unable to confer with his counsel. We held that a continuance should have been granted.

In the case before us, however, the accused had ample opportunity to confer with his counsel. There were no threats of mob violence. His trial did not occur until several months after his indictment. While he was a fugitive from justice during this period, yet this status was of his own election. He might, had he chosen, employed that time in his preparation for trial. Further, two weeks intervened between his incarceration and his trial. The witnesses for the commonwealth were few in number; in fact, there was no one who testified on any disputed facts except Craig. Although one set of counsel was handicapped in the preparation, the other counsel was not so circumstanced as that he could not have made the simple investigation of the disputed facts. The issues of law were so simple that they lay within the knowledge of these skillful and able lawyers without especial preparation. There is no intimation that any additional evidence can be obtained to corroborate Anne Johnson. Under the light of controlling authority we are unable to say that the trial court abused its discretion in refusing to grant the requested continuance. No error appearing prejudicial to the substantial rights of the accused, the judgment must be and it is hereby affirmed.

Whole court sitting.