## Barnett v. Commonwealth.

(Decided September 27, 1929.)

W. J. STONE for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Oppie Barnett, was convicted of the crime of housebreaking, and his punishment fixed at confinement in the state penitentiary for a period of two years. The errors relied upon by him for a reversal of the judgment are (1) that the court erred in refusing to grant him a continuance; and (2) that the court erred in refusing to sustain his motion for a directed verdict at the close of all the evidence.

Appellant and his brother, Alford Barnett, were jointly indicted at the May term, 1926, of the Bell circuit

court, for the crime of housebreaking, and on June 8, 1926, were tried. Alford Barnett was found not guilty, and Oppie Barnett was found guilty, and his punishment fixed at confinement in the penitentiary for two years At the same term of court his motion for a new trial was sustained, the verdict of the jury was set aside, and he was admitted to bail. On November 11, 1927, he failed to answer, and an order was entered forfeiting his bond and directing summons to issue against his surety. On March 2, 1928, the indictment was quashed, and the case was referred to the grand jury; on the following day a second indictment was returned. On the first day of the May, 1928, term of the Bell circuit court his bond under the second indictment was forfeited. At the same term of court the bond forfeiture was set aside, and the case continued to the eighth day of the November term, 1928. On that day the defendant answered not ready, and the court appointed an attorney to represent him.

The appointed attorney filed an affidavit for a continuance, in which he stated in substance that he had not had sufficient time to inform himself as to the facts and circumstances of the case, so as to properly represent the defendant. As further grounds for a continuance, the affidavit of the defendant was filed, in which he stated that his brother, Alford Barnett, was absent. The facts which he expected to prove by his brother, who was then in the United States army, were set out in the affidavit. His motion for a continuance was overruled, but the court permitted him to read his  affidavit as the deposition of Alford Barnett.

In support of his motion and grounds for a new trial, appellant filed his affidavit, in which he stated that he had employed W. J. Stone, a practicing attorney, to represent him, and that Stone was not present when the trial was had, but could have been present in the afternoon of the same day. This case had been pending for more than two years; one trial had been had, and all of the defendant's witnesses were present, except his brother, Alford Barnett, who was in the United States army. Defendant's affidavit, containing the facts he expected to prove by the absent witness, was read as the latter's deposition, and no showing is made tending to indicate that the appointed attorney would have been better prepared to represent the defendant, had the case been continued.

Appellant's affidavit in support of his motion and grounds for a new trial fails to state why the attorney theretofore employed by him was not present on the day the case was set for trial. However, the absence of his employed attorney was not made a ground for continuance before the trial was had, and, if the attorney's absence had been relied upon as a ground for continuance, a showing should have been made that he was unavoidably absent. Cook v. Commonwealth, 114 Ky. 586, 71 S. W. 522, 24 Ky. Law Rep. 1409; Mullins v. Commonwealth, 172 Ky. 92, 188 S. W. 1079. We find no merit in appellant's contention that a continuance should have been granted, or that the trial court should have sustained his motion for a new trial because of the absence of his attorney.

Appellant was accused of breaking into the house of Charlie Owens, who lived in Bell county, a short distance from the residence of appellant. On the night the crime was committed, Owens attended church in the neighborhood. Appellant and his brother were at the church, but left before Owens. When Owens arrived at his home, he found that a door of the house which had been latched from the inside had been forced open, and, upon an examination of the premises, he found that a pair of trousers and some groceries had been taken. He suspected appellant, and, accompanied by several of his neighbors, together with an officer, he went to the home of Irvin Barnett, appellant's father, with whom appellant resided. Irvin Barnett gave the party permission to search his house for the missing articles. The trousers that had been taken from Owens' home were found under the mattress on the bed occupied by appellant. On the following day, some of the missing groceries were sent to Owens by Irvin Barnett. Appellant was arrested and taken to Pineville, where, in the presence of several witnesses, he stated that he had broken into the house of Charlie Owens.

The verdict is amply supported by the evidence, and the court did not err in overruling appellant's motion for a directed verdict.

Judgment is affirmed.