## Anderson v. Commonwealth.

(Decided May 16, 1930.)

NOLAND CARTER for appellant.

J. W. CAMMACK, Attorney General, and GEO. HUNT MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Lee Anderson, was convicted of the crime of maliciously shooting and wounding another with intent to kill and his punishment fixed at confinement in the penitentiary for a period of three years.

On this appeal only one ground is relied on for a reversal, namely, the court erred in overruling appellant's motion for a continuance in order to give his attorney reasonable time in which to prepare the case. No affidavit in support of the motion for a continuance appears in the record, but appellant's affidavit and the affidavit of his attorney in support of his motion and grounds for a new trial and the affidavit of the attorney for the commonwealth in opposition thereto do appear. An agreed stipulation has been filed with the record here, however, in which it is set out that the motion for a continuance and the reasons therefor were orally made

before the trial, and in order to conserve time it was then agreed that the affidavits in support of the motion might be filed later and considered as filed before the trial and that the affidavits in support of the motion and grounds for a new trial were treated by agreement as the affidavits in support of the motion for a continuance. We shall dispose of the case, therefore, upon the theory that lack of reasonable time in which to prepare the case was made a ground for a continuance before the trial was had, which is necessary before the refusal of the court to grant a continuance can be relied upon as a ground for a new trial. Criminal Code, sec. 188; Barnett v. Commonwealth, 230 Ky. 614, 20 S. W. (2d) 463.

The uncontradicted facts bearing upon the question in issue which may be gleaned from the affidavits of appellant, his attorney, and the commonwealth's attorney, are these: The shooting for which appellant was indicted occurred on June 16, 1929. On that day he employed an attorney at Lexington, Ky., to defend him and agreed to pay him a fee of $250. The indictment was returned on June 26, 1929, and on that day the judge of the Fayette circuit court offered to appoint an attorney to represent appellant, but appellant declined the offer and informed the court that he would have his own attorney to represent him. The case was first called for trial on July 8, 1929, and was continued until the October term of court because appellant was ill. The case was later assigned for trial on October 7, 1929. On September 18, 1929, the attorney employed by appellant wrote him a letter in which he was advised that the attorney would not represent him unless he paid the fee of $250 which had been agreed upon. The circuit judge had in July again offered to appoint an attorney to represent appellant, but he again declined and advised the judge that he would have an attorney. On October 4, 1929, appellant appeared in the office of the clerk of the Fayette circuit court and had subpoenas issued for a number of witnesses. On the day the case was set for trial appellant had not paid his attorney the fee that had been agreed upon and he then employed another attorney.

All the eyewitnesses to the shooting had been subpoenaed by the commonwealth and were present. When the case was called for trial on the morning of October 7, the trial judge adjourned court until the afternoon of that day in order to afford appellant's attorney an

opportunity to interview the witnesses, including the witnesses for the commonwealth, which he did. Appellant did file an affidavit for a continuance on account of the absence of certain witnesses, but he was permitted to read his affidavit as the depositions of the absent witnesses. The testimony of the absent witnesses referred to a circumstance that occurred some time prior to the shooting and had little bearing thereon. A number of witnesses, including appellant, were present and testified to the same facts set out in the affidavit. Appellant was out on bond from the date of his indictment to the day of his trial in October. He declined two offers of the circuit judge to appoint an attorney to represent him, and on each occasion said he would have his own employed counsel at the trial. He knew three weeks before the day set for the trial that the attorney retained by him would not be present unless his fee was paid. He knew that he had not paid his attorney, and yet he did nothing toward employing another attorney until the day that the case was assigned for trial. All the eyewitnesses to the shooting were present at the trial and were interviewed by appellant's attorney before the trial. So far as the record discloses no witness was absent that knew any material facts. The issue in the case was simple and the facts were not such as to require any substantial length of time to enable counsel to prepare the case. A careful examination of the record discloses that appellant had the benefit of the services of able counsel who conducted his defense in a competent manner.

We have frequently said, particularly in cases where the defendant is charged with a capital offense, that it is of the highest importance that he should have reasonable time and opportunity to make his defense. McDaniel v. Commonwealth, 181 Ky. 766, 205 S. W. 915; Allen v. Commonwealth, 168 Ky. 325, 182 S. W. 176; Samuels v. Commonwealth, 154 Ky. 758, 159 S. W. 575. An examination of the cases, however, where the judgment was reversed for refusal of the trial court to grant a continuance because counsel had not had ample time to prepare the case, will disclose that the facts in such cases were far stronger than the facts in the instant case. The granting or refusing a continuance on the ground that the defendant has not had reasonable time for preparation for trial is a matter resting largely in the discretion of the trial court, and the judgment will

not be reversed because of the trial court's ruling unless it is clearly manifest that in the particular case there was an abuse of the court's discretion. Under the facts here there was clearly no abuse of discretion by the trial court in denying a continuance. Williams v. Commonwealth, 230 Ky. 327, 19 S. W. (2d) 964; Sizemore v. Commonwealth, 108 S. W. 254, 32 Ky. Law Rep. 1154; McQueen v. Commonwealth, 224 Ky. 89, 5 S. W. (2d) 487.

Judgment affirmed.