OPINION of the Court, by
Judge Logan.
— This was an action of ejectment, in which the court below instructed the jury that from the title papers produced the plaintiff was not entitled to recover against the dc - fendants ; and thereupon the jury found for the defendants.
To that opinion of the court the plaintiff excepted, and has appealed to this court. In the bill of exceptions the titles of both parties are exhibited.
The firft deed, altho’ not recorded in time, has preference to a fuhfeijuent deed jirji record-edy but not with in the time limited by the ftatute.
The record of a deed in one county tor lands in another is not notice to fubfe-quent purcha-iers.
Nor can fuch deed tberet&cvt* ded in iimet overreach a psior deed not recorded in time.
A power of attorney to convey land muft be recorded in that oiiicewhere the deed is re - <|uired to be re* corded.
Qtherwife the deed made by attorney is not efie&ual as a recorded deed.
In deducing a right, the plaintiff has produced a deed cf conveyance duly executed from the patentee in the year 1786, together with other deeds, passing the legal title through several mesne purchasers to himself, purporting to have been duly executed ; but none of those deeds were recorded in this state until the year 1803. In that year, and m the year 1806, they were recorded in the clerk’s office of this court, on being properly certified for that purpose from another state.
The defendants, in opposing the plaintiff’s right to a recovery, have relied on a deed of conveyance executed for the same land, by the patentee to Jacob Brech-mer, on the 28th of April, 1795, which has been also duly certified from the state of Virginia, and recorded in Nelson county, in July, 1795.
At the time of executing the deed to Breehmer, Broadhead, the patentee, gave him also a power of attorney, in which he not only authorised him to sell and convey, but likewise granted to him all his lands in Kentucky, in consideration of £. 3000. This power of attorney was also recorded in Nelson county, in July, 1795. In October of the same year, Breehmer, as the attorney in fact of Broadhead, executed a deed of conveyance for the same land, to Richard and Alexander M’Dooald, under whom the defendants hold. This deed was recorded in Washington county, in which the land lies, in November following.
In examining this case, two questions will be found proper for decision; 1st, whether the title adduced by the plaintiff, was such on which the action of ejectment could be maintained ; and 2dly, if it were such, have the defendants shewn themselves subsequent purchasers within the protection of any statutory provision \
Upon the first point, there can be but little doubt. The due execution of the deed passed the legal title from the patentee to the purchaser, and it remained good and effectual in law against the world, except creditors and subsequent purchasers. The omitting to record a deed within the time and manner prescribed by law, does not reduce it to a mere equitable estate. It retains its legal quality, and as such is sufficient to maintain an ejectment against one holding an equity only. But if the deed be not recorded as the statute icquires, then by the operation of law, it ceases to ro *422 tain Its legal efficacy against a subsequent bonafide put'chaser for a valuable consideration. We shall proceed therefore to the second point proposed, whether the defendants are within the protection of the statute, as subsequent purchasers ?
The statutes which have from, time to time been passed on this subject, seerato have had principally in view the regulating conveyances. One holding the prior equitable title is to be preferred to an equity of posterior date. But when the junior equity combines with it the legal title, is tree from fraud, and founded on ⅜ valuable consideration, the prior equity must yield. Between estates equal in quality it may be assumed as a principle, that those having the priority will be preferred.
This reasoning seems to be equally correct when applied to legal estates. Time is given by the statute for recording the evidence thereof, and the penalty for neglecting to do so is in favor of creditors and subsequent purchasers. But can this, mean either those having an equitable title only, as a bond, ike. or those chargeable with the same or a similar neglect ? If it comprehends the former description of persons, then the junior equity will prevail, not only against the prior equity, but also a legal right combined with it. For it will not be contended, that a deed of conveyance not recorded, doer, not at least retain the dignity of a bond. But it does more, it transfers the legal title..
And if those guilty of the same ora similar omission are intended, the consequence may be, that a third purchaser with a legal, title purporting to be complete, having no knowledge of the second purchase, but fully ap. prised of the first before his purchase, in a contest with the first must fail, because of his prior knowledge thereof. But against the second purchaser he would succeed, because the second had not recorded his deed in the manner prescribed by the statute. And now we are to decide, whether the second shall hold against the first ; and thus produce the result, that he holding, against the first is evicted by the third ; but the third may be evicted by the first, and so. ad infinitum, in the action of ejectment.
We are therefore of opinion, that a purchaser within, the meaning of the statute, must have a legal conveyance of the estate complete, or be within the limitado» *423 ⅝{ Ac net for recording. This opinion is conformable to the opinion in the case of Gilpin vs. Davis, (ante 416,) and the authorities there cited seem satisfactory in support of the position here taken — See Roberts on fraudulent conveyances, 36, 235. It remains now to examine whether the defendants in this case have complied with the requisitions of the law in perfecting their title at law.
The law requires that the deed shall be recorded, not only within a limited time, in order to be valid against a subsequent purchaser without notice, and for a valuable consideration, but also that it shall be recorded in the county where the land lies, or in the clerk’s office of the court of appeals, or of the general court. This provision is obviously intended to enable persons to trace the legal title with the industry and attention consequent on a compliance with the act.
The land in controversy lies in Washington county ; but the deed from Broadhead, the patentee, was recorded in Nelson county. This was not a compliance with the law, and cannot be binding on subsequent purchasers, within the spirit of the act: neither ought it to be availing against a prior conveyance, liable to asimilar objection. But towards obviating this objection, it has. been argued, that the deed to the M’Donalds, being recorded in Washington county, within the time limited for recording deeds from the purchaser of the patentee-, was sufficient.
This argument is unavailing, because, in order to enable the tracing the title from the patentee, a deed from him recorded in the county, or where the law has appointed it to be done, was also essential. A deed from Brechmer to the M’Donalds, does not prove a conveyance to have passed from; Broadhead to Brechmer. But it may here be said, that the conveyance to the M’Don-alds is from Broadhead himself, through Brechmer as bis agent. To this two answers may with propriety ba given; 1st, if the deed to the M’Donalds is from Broad-head by Brechmer as his agent, that the legal title before vested in Brechmer by the conveyance to him in his own right from Broadhead, would not have passed from him by an act performed in the character of an agent only, whatever claim in equity it. might afford s;fainst him j and 2dly, that if the defendant’s right is *424 ¶⅜,⅛ 00⅜ and derived from a power to BrechnSef t< c- u i}« that power ought to have been recorded, a: v.J! as the deed executed in virtue of it, in the county in which the land lies. But whether a cotiveyanc' could be executed under a power of attorney is unnecessary to decide. In this case, however, the estat was bargained, sold and granted by the letter of attorney. But for the reasons before mentioned, the defendants do not appear to be purchasers within the protection of the statute, not having perfected their title in the manner prescribed thereby.
Wherefore it is considered by the court, that the judgment of the general court be reversed and set aside ; that the cause be remanded to that court, for a judgment to be entered conformable to the foregoing opinion in favor of the plaintiff.
A petition for a rehearing was prefented, which was overruled at the nex& fpring term,