OPION of the Court, by
Judge Logan.
Mac-connell exhibited his bill in chancery to compel the conveyance of a certain lot of ground in Louisville, which he alleges to have paid for, but for which he obtained no writing from the vendor. The bill was taken pro confesso, and a decree to convey : to reverse which' the deiéndants below have sued out their writ of error, and assign for error that the sheriff’s return of the sub-pcEna in chancery does not shew that the process had been legally served.
The sheriff’s return is, that “ the defendant was not found within my bailiwick, and I left a copy of the complainant’s bill anti of this subpoena at her place of residence.”
This return is insufficient to testify due and proper service of the process. The practice would be too dangerous to admit such vagueness in the returns of officers on process, which form the basis of procedure a id decisions affecting the. rights of citizens not in fact notified thereof. It may be literally true that a copy of the summons was left at the residence of the defendant, and yet no person have ever seen or known of it, after the sheriff parted with it. The officer should either have served it on the defendants, or delivered a copy, in their absence, to some person of the house or family *2 most likely to deliver it. A service susceptible of moré danger ought not to be tolerated.
It is also assigned for error, that the contract alleged being merely verbal, cannot maintain the suit under the statute of frauds and perjuries which was at that time in force.
It would bfe a repetition, of the arguments in the case decided by this court, Grant’s heirs vs. Craigmiles, (1 Bibb 203) to attempt a discussion of this point. The perplexing and contradictory adjudications of the courts in England upon a similar statute, in order to reach and protect certain cases of hardship and private injury from the operation of the statute, seem too obviously as tending to defeat the object of the law, by introducing in certain cases of land contracts a species of evidence intended to be guarded against. The law requires that agreements relating to land should be in .writing, signed by the party to be charged therewith, or some person by him lawfully authorised ; and declares that without such writing no action shall be maintained on a contract for land. The act itself does not save by proviso a partial evil or individual injury ; which to have attempted might have defeated its general and essential object. For the court, therefore, to supply by construction such a provision, would seem entirely inadmissible on general principles and the soundest rules of statutory construction.
Decree reversed and bill ordered to be dismissed with costs.