CASE 64—GEORGE COOK WAS CONVICTED OF MURDER AND APPEALS.—
JAN. 23.

# Cook v. Commonwealth.

### APPEAL FROM BELL CIRCUIT COURT.

DEFENDANT CONVICTED OF MURDER AND APPEALS. AFFIRMED.

MURDER— IRRELEVANT EVIDENCE— HARMLESS ERROR— ABSENCE OF
COUNSEL—MOTION FOR CONTINUANCE.

Held: 1. Defendant in a murder case is not prejudiced by admission
of testimony of a quarrel between two other persons, in which
one said he would kill the other.

2. A conviction for murder will not be reversed because a second
continuance for, as alleged, the unexpected absence of counsel,
was not granted, such counsel never having appeared in the
case, and the evidence warranting the assumption that noth-
ing more than was done could have been done by the absent
counsel.

N. B. HAYS, ATTORNEY FOR APPELLANT.

1. The writer of this brief was counsel for appellant at the
time he was convicted and defended him on said trial, but he
was not his original counsel in the case, although he was the
attorney for other defendants jointly indicted with appellant,
some of whom had been previously tried and convicted and oth-
ers acquitted. Appellant's defense was an alibi which he could
not prove by any one but himself, being at home at the time
of the murder with his wife and four small children. When
his case was called for trial he filed an affidavit for a contin-
uance, which, in so far as it relates to the absence of his attor-
ney, reads as follows: "That prior to this term of the court
he employed Judge S. E. Baker, who lives in Letcher county,
Ky., as one of his counsel, and paid him part of his fee to
defend him in the trial of this case. That said Baker is a good
lawyer and a skillful practitioner, and he is the only lawyer
he has employed, or to whom he has confided his defense, or
relied on to defend him; that there are two other counsel in the
case but he has not feed or relied on either of them to defend
him, and they were feed by the other defendants to make their
defense. That he can not safely go to trial without the ser-
vice of said Baker, who is absent without the procuring or con-

Cook v. Commonwealth.

sent of this affiant and against his will, and he believed and re-
lied upon him to be present, and expected him to be here. That
said Baker is now more than 130 miles from this place, most
of the distance to be traveled horse back or on foot. That
he makes this affidavit not to delay the case but to procure
justice and a fair trial."

A demurrer was sustained to the affidavit and appellant's mo-
tion for a continuance overruled which we think was error.

2. On the trial two witnesses were permitted to detail to
the jury a difficulty between Mack Yontz and Samuel Vanover
(before the killing of Mrs. Hall, of which appellant was ac-
cused) in which they were permitted to state to the jury that
Yontz said to Vanover, "He would kill him." Yontz, being
one of the men who had been convicted of the killing of Mrs.
Hall, and Vanover is the man who was at Mrs. Hall's when the
offense was committed, we claim that this testimony was in-
competent and prejudicial to appellant.

CLIFTON J. PRATT, ATTORNEY GENERAL, AND M. R. TODD, FOR COM-
MONWEALTH.

1. The trial court has a sound legal discretion in granting or
overruling a motion for a continuance.

2. The facts disclosed in this record show that appellant was
represented by able counsel who had been retained by a number
of the parties indicted and who was familiar with the material
facts, and who was able to and did present his defense in the
most favorable light, being a lawyer of ability and wide influ-
ence in Bell county in which the trial was had.

3. We submit that the threat made by Yontz to Vanover
having been made in the presence of Mrs. Hall and in the pres-
ence of others engaged in the conspiracy to kill her, was com-
petent evidence under the rule, "when there is sufficient evidence
to justify the conclusion that several persons were acting with a
common purpose to commit a crime, although there is no proof
of a previous combination to commit the offense in question,
the conduct and actions of the several parties and the parts they
performed are sufficient to make the declarations of each evi-
dence against all the parties." Abbott's Trial Brief, 447; Kel-
ly v. People, 55 N. Y., 565; People v. Van Tassel, 156 N. Y., 561;
Hall v. State, 3 Lea., 552.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

The appellant, George Cook, and a number of other per-
sons, were indicted by the grand jury of Letcher county,
Ky., charging them with the murder of one Jemima Hall.

Subsequently a change of venue was had, and the case transferred to Bell county, Ky., for trial. Appellant's case was called for trial at the May term, 1902, of the Bell circuit court, and appellant was convicted of wilïful murder, and his punishment fixed at confinement in the penitentiary for the term of his natural life. The motion for a new trial having been overruled, and the defendant sentenced, he has appealed to this court for a reversal of the judgment against him. In support of his contention that this case should be reversed, appellant's counsel urges but two grounds: First, that the court erred in overruling appellant's motion for a continuance of the case; and, second, that the court erred in admitting incompetent testimony during the trial. The second objection is based upon the fact that the court permitted Robert Johnson and Bury Toliver to detail to the jury the circumstances of a difficulty between Mack Yontz and Samuel Vanover some time before the killing of Jemina Hall, in which they stated to the jury that Yontz said to Vanover that "he would kill him." We fail to see how the admission of this testimony prejudiced appellant, or in any wise affected him, conceding it to have been incompetent. It in no wise connected appellant with the quarrel in question, and therefore could not prejudice the minds of the jury against him.

The first ground—that the court erred in refusing to grant appellant a continuance because of the absence of his counsel, Judge S. E. Baker—is the one upon which appellant's counsel really rests his hopes of a reversal. Upon the calling of the case for trial, appellant announced that he was not ready for trial, and filed his affidavit in support thereof, in which he set out two grounds of continuance— one because of the absence of certain witnesses, and the second because of the absence of his counsel, Judge S. E.

Cook v. Commonwealth.

Baker. The first ground is immaterial, because the Commonwealth's attorney permitted the affidavit to be read as a deposition. The second ground in the affidavit, so far as it relates to the absence of appellant's attorney, is as follows: "That prior to this term of court he employed Judge S. E. Baker, who lives in Letcher county, Ky., as one of his counsel, and paid him part of his fee to defend him in the trial of this case; that said Baker is a good lawyer, and a skillful practitioner, and is thoroughly acquainted with the evidence in this case, and he is the only lawyer he has employed, or to whom he has confided his defense, or relied upon to defend him; that there are two other counsel in the case, and they were feed by the other defendants to make their defense; that he can not safely go to trial without the services of said Baker; that he is absent without the procuring or consent of this affiant, and against his will, and he believed and relied upon him to be present, and expected him to be there; that said Baker is now more than 130 miles from this place, most of the distance to be traveled horseback or afoot; that he makes this affidavit not to delay the case, but to procure justice and a fair trial." In support of the first ground for reversal, appellant relies upon the cases of Bates v. Com., (13 R., 135) 16 S. W., 528; Leslie v. Com., (19 R., 1201) 42 S. W., 1095, and Cornelius v. Com. (23 R., 771) 64 S. W., 412. In the case of Bates v. Com., the appellants were indicted, tried, convicted and sentenced within 24 days, and in that case the affidavit for a continuance showed that their attorney was necessarily detained by his duties as an officer of the United States, and that, while he could not be present on the day fixed for the trial, he could be present by the second day thereafter. Under these circumstances, the court properly held that the trial judge abused his judicial discre-

tion in failing to afford appellants the opportunity of having their counsel present; and Judge Holt, who delivered the opinion of the court, said: "We do not, of course, mean that the trial court has no discretion in the matter of continuances. It is, however, a legal one, and, if it be so exercised as to deprive the accused, when not in fault, of a fair trial, justice requires that he should not be. remediless. . . . While a speedy transaction of judicial business is to the interest of the public, yet it should never be had at the expense of justice, which must always be regarded as the paramount purpose of judicial investiga-. tion. It is true cases should not ordinarily be continued upon the sole ground of absence of counsel." In the case of Leslie v. Com., supra, Judge DuRelle, after showing in his opinion several sufficient reasons for reversal of the case, seems to have thrown as an additional weight in the scales this expression: "Moreover, the unexpected absence of appellant's local counsel on the morning of the trial, without any notice to him, would appear to afford ample reason why a continuance should have been granted." It does not appear that this case would have been reversed alone for the reason that appellant's local counsel was unexpectedly absent. And in the case of Cornelius v. Com., supra, Judge White, after stating several good and sufficient reasons for the reversal of the case, adds the additional one that "appellant was entitled to a continuance on the ground of the unexpected and unavoidable absence of his principal counsel." In no case that we have been able to find, or which has been cited to us by counsel, has this court ever reversed alone upon the ground that the trial judge refused a continuance because of the absence of counsel, and Judge Holt, in his well-considered opinion in the case of Bates v. Com., supra, states the rule to be

that "cases should not ordinarily be continued upon the sole ground of absence of counsel." In the case of Stephens v. Com. (9 R., 742) (6 S. W., 456), it is said that the absence of one or two or more of the counsel employed by the defendant in a criminal prosecution can not be sufficient reason for continuing the trial until the next term, especially when it does not clearly appear that a fair trial can not be had without his presence. Such a practice would frequently result in an indefinite postponement of criminal trials. In the case of Brown v. Com., 7 Ky. Law Rep., 451, it is said: "To authorize a continuance on the ground of the absence of one of several attorneys, there should be some assurance that he will be present at the next term; and a continuance should never be granted on that account unless it appears that the ends of justice requires the presence, at the trial, of that particular person selected by the defendant and his counsel, and a fair and impartial trial can not be had without him." In the case at bar there had already been one continuance, as shown by the affidavit of appellant, and it nowhere appears that the absent counsel was on hand when the case was called for trial at that time; and it is a significant fact that the absent counsel, so necessary, according to the language of the affidavit, has never appeared in this case, except in the affidavit for the continuance. The record shows that the counsel who is representing appellant in this court also represented him on the trial in the court below, and it shows, moreover, that appellant's defense was conducted in a most thorough and masterly manner. We do not believe that the absent counsel could have done anything for appellant that was not done for him by the learned counsel who appears for him at this bar.

Appellant's defense was an alibi, and he introduced no

evidence in support thereof but his own testimony. There is nothing in such a defense that the present counsel could not have understood as well as the absent counsel, and we are not willing to say that, under all the circumstances, appellant has not had an impartial trial. The learned judge who presided upon the trial is eminently distinguished for impartial fairness and a love of justice. He was in a position to understand, from all the surrounding circumstances, better than this court, the merit of the motion for a continuance, and we will not say that he has abused the large discretion intrusted to him by the law, unless it is apparent from the record that appellant has been deprived of a fair and impartial trial by the ruling upon this question. The evidence in this case abundantly justifies the verdict of the jury, and fully warrants the assumption, on our part, that nothing additional could have been done for appellant by his absent counsel. It is not necessary to state the evidence in detail, but it convinces us that appellant was guilty of one of the most heinous, cruel, and wanton murders that has ever disgraced the criminal calendar of this Commonwealth. The Commonwealth has been forced, at great expense, to bring the witnesses from a long distance. Appellant had already had one continuance, and we do not think that the lower court erred, under all the circumstances, in overruling the motion for a continuance; wherefore the judgment is affirmed.