## Kelly v. Commonwealth.

(Decided June 16, 1915.)

### Appeal from Madison Circuit Court.

1. Criminal Law—Continuance—Discretion of Court.—An application for a continuance in a criminal cause is a matter addressed to the sound discretion of the trial court, and the action of the court will not be interfered with, unless it is shown that the court abused its discretion in the matter.

2. Criminal Law—Continuance—Absence of Counsel.—The absence of one or more attorneys for a defendant in a criminal cause is not a sufficient ground for a continuance, unless it is made clearly to appear, that the defendant could not have a fair trial without the presence of such attorney or attorneys.

3. Criminal Law—Continuance.—When a defendant in a criminal cause requests a continuance, it is his duty to show to the court, in a proper way, the grounds upon which he asks the continuance, and if he fails to do this, and takes his chances, he can not thereafter, when he loses, be heard to complain of his motion for a continuance being refused.

G. MURRAY SMITH and SMITH & JETT for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT.—Affirming.

This is an appeal by the appellant, Lonnie Kelly, from the judgment of the Madison Circuit Court, adjudging him to be guilty of the crime of voluntary manslaughter, and that he be imprisoned for a period of not less

than ten years and no more than ten years and one day, in accordance with the finding of the jury. The bill of exceptions does not contain any of the evidence heard upon the trial, nor the instructions of the court to the jury, but what purports to be the instructions given, are copied into the transcript.

No complaint is made of anything having occurred upon the trial prejudicial to the rights of appellant, except the refusal of the court to grant him a continuance of his case, when it was called for trial, at the time the trial and conviction was had. The ground relied upon for reversal is, that the court erred in refusing the request for a continuance on account of the absence of one of appellant's attorneys, because of his illness.

It appears that the crime for which appellant was convicted was committed by him about the first of April, 1915. Upon an examining trial being had, he was admitted to bail, and discharged upon a bail bond. On the 6th day of May, following, the grand jury returned an indictment against him, accusing him of the crime of murder, when he was again admitted to bail to answer the indictment, and was discharged from custody upon a bail bond, and the prosecution was set for trial for the 19th day of May. Upon the 19th day of May, when the case was called for trial, at the request of the appellant, it was continued until the 21st day of May. The case does not seem to have been reached, any more, until the 26th day of May, when it was again called for trial, and the attorney for the Commonwealth having announced ready for trial, the appellant again moved the court for a continuance, which motion the court overruled, and the appellant excepted. The appellant did not file an affidavit setting forth any grounds, which he relied upon for a continuance, and so far as the record discloses, he contented himself with asking for a continuance, without assigning any reasons or grounds therefor. It surely cannot be claimed that the court was in error in refusing a continuance, under such circumstances. The grounds for a new trial filed after the verdict and judgment, embraced one, in which it was claimed that the court erred in refusing a continuance of the case because of the absence on account of illness of the senior counsel for appellant, and with the grounds for a new trial, was filed the affidavit of the attorney, who stated, in substance, that as one of appellant's attor-

neys, he assisted in the defense of him upon the examining trial, and had devoted himself to hunting up the evidence in the case and interrogating the witnesses, and had acquainted himself with all facts and details of the case; that the other attorneys for appellant were not so familiar with the details of the case or the witnesses, as the absent attorney, who practically had the exclusive charge of the case in its preparation for trial, and that appellant did not have nor could have had the facts of his defense as fully and fairly presented to the jury, without the presence of the absent attorney; that said attorney was taken ill on the 15th day of May, and had continued ill to such an extent, that he was totally unable to give the case any attention, or to be present at the trial. The affidavit further states, that the case was continued from the 19th to the 26th, instead of the 21st, as appears from the transcript. The affidavit further discloses that appellant had two other attorneys engaged for his defense, who were present and represented him upon his trial.

An application for a continuance is a matter addressed to the sound discretion of the court, and unless it can be shown that the court abused its discretion in denying the application for a continuance, the action of the court will not be interfered with. In the case of Stephens v. Com'th., 9 R., 742, 6 S. W., 456; Brown v. Com'th., 7 R., 451; Cook v. Com'th., 114 Ky., 586, 71 S. W., 522; Howerton v. Com'th., 129 Ky., 482; Shepherd v. Com'th., 26 R., 698; Moore v. Com'th., 26 R., 356; Kennedy v. Com'th., 32 R., 1381; Watkins v. Com'th., 149 Ky., 26; and Caudill v. Com'th., 155 Ky., 578, and in the case of Tolliver v. Com'th., decided at the present term of this court, it was held, that the absence of one or more attorneys, representing a defendant, is not a sufficient ground for a continuance, unless it is made clearly to appear, that he cannot have a fair trial without the presence of such attorney or attorneys, and especially so, where he is represented by other attorneys, who are present. There is no doubt, that there are many cases, where, on account of the nature of the issues and the number of witnesses, and the particular facts, which many of them are expected to prove, are of such a nature, and the party has an attorney, who has given the matters his special attention, and it would require much time and attention for another to become

acquainted with these things, the presence of the attorney, who has made the investigations and has the knowledge of the various phases of the evidence and the various witnesses, is indispensable to the party, in making a fair presentation of his case, while there are many other cases, in which the issues are few and without complication, and the witnesses few, and the various facts of the case, are such that an attorney may readily grasp all the knowledge of the facts and witnesses necessary to fully present the case. It is manifest, then, that as to whether or not a defendant is entitled to a continuance, because of the absence of an attorney, who is prevented by illness from appearing, is a matter within the sound discretion of the trial court, which it must exercise upon the showing of the facts presented to it, when the continuance is sought. The defendant, who feels that his rights cannot be properly taken care of, without the presence of some absent attorney, and who fails to lay before the court the facts showing the necessity for the presence of the attorney, at the time the trial is entered upon, and takes his chances, and then after he loses, cannot ask the court to give him a new trial and another chance, because of the absence of such attorney. As above stated, the record fails to show that at the time he asked the continuance, that he assigned any reason for so doing. It appearing that appellant had the assistance of two attorneys upon the trial, and there being an absence of any showing that his case was not skillfully defended, or that the result of the trial would have been otherwise, if the absent attorney had been present, or that any fact was not proven for him, which could have been proven, or that he did not get the full benefits of the laws, indicates that he was skillfully represented upon his trial. The appellant was not in custody, and was free to give his case the utmost attention. The attorney became sick on the 15th, before the case was called for trial on the 19th, and appellant does not show that he was unacquainted with the illness of the attorney, or was taken by surprise by his absence, neither then nor upon the calling of the case on the 26th. There was no showing that the case was one with which his other two attorneys were not sufficiently acquainted to properly care for his rights, and if they were not, it does not appear that it was of such a character, that an investigation made, in a short time, would not have

fully acquainted them with it. If the appellant or his attorneys present, felt that they were not sufficiently acquainted with the case to try it, it cannot be assumed, that if they had made a showing of the fact to the court, it would not have given them a reasonable opportunity to do so. It does not appear that the court abused its discretion in refusing the continuance, and the judgment is, therefore, affirmed.