## Mullins v. Commonwealth.

(Decided January 25, 1929.)

F. M. BURKE for appellant.

J. W. CAMMACK, Attorney General, and GOE. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY— Affirming.

Appellant was indicted in the Pike circuit court charged with the murder of John Mullins, and on his trial was convicted of voluntary manslaughter, and his punishment fixed at three years' confinement in the penitentiary.

On this appeal he complains only of the action of the court in refusing his motion, supported by his own and his attorney's affidavits, to continue the trial because of the absence of another attorney who had been employed to assist in his defense, and who some three days before the trial had been severely injured in an automobile accident, and was then confined in a hospital and unable to be present in court.

In the affidavits it is stated that the absent counsel had had charge of and investigated the facts in the case, and was well acquainted therewith, but that the attorney who was present was not sufficiently acquainted therewith so as to present the same as it should be done without the assistance of the absent attorney.

Appellant relies upon the cases of Leslie v. Commonwealth, 42 S. W. 1095, 19 Ky. Law Rep. 1201, and Howerton v. Commonwealth, 129 Ky. 482, 112 S. W. 606, 33 Ky. Law Rep. 1008. An examination of the opinion in the Leslie case discloses that it was reversed upon other grounds, and that the writer of the opinion simply to throw additional weight in the scales used this expression:

> "Moreover, the unexpected absence of the appellant's local counsel on the morning of the trial, without any notice to him, would appear to afford ample reason why a continuance should have been granted."

It is apparent that the absence of counsel in that case was not known until the morning the case was set for trial, and was entirely unexpected to the defendant.

In this case it was known to appellant and his attorney present at the trial at least three days before the trial that the other attorney would be absent and not able to appear on the day the case was set for trial. The opinion in the Howerton case discloses that it, too, was reversed for other reasons, and that on the question here presented the court said:

"We cannot agree with appellant that it was error for the lower court to refuse him a continuance on account of the illness and absence of one of his counsel."

In the recent case of Brandiff, alias Brandriff, v. Commonwealth, 227 Ky. 389, 12 S. W. (2d) —, we said:

"Moreover, we have held in a number of cases that, in the absence of some specially pertinent and influencing facts, a defendant is not entitled to a continuance as a matter of right solely upon the ground that one of his counsel was absent when he had others who were present and who possessed equal skill and ability with the absent one, and that in such circumstances the trial court did not abuse a sound discretion in overruling the motion for a continuance on that ground. Some of the later cases, in which others are cited so holding and in which the facts appear, are: Caudill v. Commonwealth, 155 Ky. 578, 159 S. W. 1149, and Perry v. Commonwealth, 200 Ky. 696, 255 S. W. 522. The rule as so announced in those cases is one of universal application and it is a most wholesome one. Were it otherwise, the trial of criminal cases and the enforcement of the criminal laws would be greatly obstructed, and in some instances wholly defeated. All that a defendant charged with a serious crime would have to do would be to employ a number of attorneys, some of whom, because of the numerous ailments to which humanity is subject, might probably be ill on the day set for the trial or absent for some other cause, and a continuance awarded therefor, and which, probably, would be repeated on the day to which the case was continued. While the law entitles a defendant in a felony charge to be represented by counsel, there is no law with which we are acquainted that entitles him to have present at his

trial all and each of the many individual counsel that he sees proper to employ. If those present possess sufficient ability and skill to properly conduct his trial, and do so with fidelity, then defendant has had the benefit of all the rights extended to him under the law.''

To the same effect are the cases of Thomas v. Commonwealth, 188 Ky. 509, 222 S. W. 951; Kelly v. Commonwealth, 165 Ky. 483, 177 S. W. 249; Cook v. Commonwealth, 114 Ky. 586, 71 S. W. 522, 24 Ky. Law Rep. 1409.

On the trial of this case the commonwealth introduced but two witnesses in chief, and their testimony consisted solely in detailing the dying declaration of the deceased; the appellant testified for himself, and read his affidavit as to the deposition of two absent witnesses. There were no complicated issues of fact; the testimony is exceedingly short.

The record shows that counsel who is representing appellant in this court is the counsel who represented him on the trial in the lower court, and it shows, further, that appellant's defense was conducted in a most thorough and capable manner. We do not see how the absent counsel could have done more for appellant than was done for him by the able counsel who appears for him in this court.

The trial court is vested with a wide discretion in granting and refusing continuances which will not be interfered with on appeal, unless from the record it is apparent such discretion was abused.

The judgment is affirmed.