## Hatfield v. Commonwealth.

June 20, 1941.

468

Francis Burke and J. Erwin Sanders for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

Appellant, James Hatfield, was convicted of the crime of voluntary manslaughter and sentenced to confinement at hard labor in the state reformatory at La Grange, Kentucky, for 12 years.

The victim of the tragedy was W. L. Stock, a resident of Williamson, West Virginia. Mr. Stock and his wife had taken dinner away from home on the evening of February 2, 1941. After dinner they drove across the Tug river bridge into Kentucky. According to the testimony of Mrs. Stock, her husband stopped their car for the purpose of permitting her to alight therefrom for personal reasons; she soon reentered the car; the couple lighted cigarettes; her husband then leaned over to kiss her. At that time the appellant jerked the car door open and throwing a flashlight in their faces, seized the keys of the car and ordered Mr. and Mrs. Stock to get out. He thereupon informed them that he was a deputy consta-

ble and that they were under arrest on a charge of committing sexual intercourse upon a public highway. Mr. Stock told appellant that he was not guilty of such an offense and that his companion was his wife, to which appellant replied, "I don't care who it is with you, you know you were having intercourse with the dirty little whore," or that was what she thought appellant called her. Becoming infuriated at the language Stock struck appellant and they engaged in a scuffle. They rolled into a ditch and appellant attempted to strike Stock with a black-jack, and, failing in that, drew a gun and shot him, inflicting the wounds from which he died on the way to the hospital.

Appellant testified that he was driving down Pond Creek on the Pikeville-Williamson highway when he saw a car coming down a side road. The car seemed to have difficulty in passing a parked automobile near the top of a bank at a narrow place in the road. In an effort to determine why the car was parked in that place he drove on the Road Fork highway and stopped his car about 750 feet beyond the parked car. He walked back and as he approached the car he could tell it was occupied by reason of movements of the car. Assisted by a flashlight he saw a man and woman engaged in the act with which he charged them. He further testified that he told them to get out and that they would have to be taken before a justice of the peace to which deceased replied that he was not going any place; however, deceased did get out of the car, and, after arranging his clothes, struck appellant and the scuffle ensued. He testified that Stock got him in the ditch, struck him a time or two, and told him that he was going to kill him. He further stated that deceased reached for appellant's gun with his right hand and that he tried to hit deceased with his black-jack but could not do so; that Stock then snatched the black-jack from him and commenced hitting him with it. Appellant then reached for his gun and in his endeavor to bring it out, the gun was discharged, inflicting the wound from which Stock died. There was no other eyewitness.

Appellant first complains that the court erred in overruling his motion for a continuance which was supported by his affidavit. The first ground for continuance was that appellant could not have a fair trial in that

term of court because of prejudice and excitement created against him by the publication of false and inflammatory articles purporting to describe how the homicide occurred and which articles appeared in the Williamson Daily News and the Pikeville News, two newspapers of general circulation in Pike county. In support of this motion he filed the editions of the papers in which the articles complained of appeared. Prejudice and excitement against the accused are proper matters to be considered by the court on a motion for a change of venue but we know of no rule that will authorize the court to continue a case on that account. In any event the trial judge found that such prejudice and excitement did not exist, and he, being present, must be presumed to know the state of public feeling to some extent, and unless it appears from the record by evidence, other than the affidavit of defendant, that the trial court abused his discretion in that respect, his decision as to such matters will not be disturbed. Smith v. Commonwealth, 42 S. W. 1138, 19 Ky. Law Rep. 1073; Collins v. Commonwealth, 195 Ky. 754, 243 S. W. 1058.

The next ground urged for continuance was the absence of one of appellant's attorneys who had been employed to defend him in the action and who was unable to participate in the trial because of injuries received in an automobile accident. The appellant employed the law firm of Burke and Sanders to defend him in the action and Mr. Burke was unable to participate in the trial because of injuries received as above recited. However, appellant was ably defended by Mr. Sanders whose ability is well known to members of this court. We have often held that while the law entitles the defendant in a felony charge to be represented by counsel, there is no law entitling him to have present at his trial all of the many individual attorneys he sees proper to employ. If those present are sufficiently able and skillful to conduct his defense and they do so faithfully, the defendant has the benefit of all the rights extended to him under the law and it was not error for the trial court to refuse continuance of the case for the reason assigned. Mullins v. Commonwealth, 227 Ky. 514, 13 S. W. (2d) 535.

The next ground urged for reversal is that the court erred in admitting testimony of Mr. and Mrs. Thurman Walker and in failing to sustain his motion to set aside

the swearing of the jury and continue the case after excluding from the jury's consideration the testimony of Virgil Hankins and Dan L. Cyrus. Mr. and Mrs. Walker testified that appellant in August 1940 had arrested him and his wife on the same road within a few hundred feet of the place that Stock was killed and charged them with the offense of which he charged Mr. and Mrs. Stock. At the time he arrested them he told them it would cost them $24 if he took them before a magistrate but that he would turn them loose if they paid him $12. They testified that they refused to pay him $12 but agreed to pay him $6 if he would sign a receipt; that appellant then replied that he could not do that because it would get him in trouble. The court admonished the jury that the evidence could only be considered by them for the purpose of showing, if it did show, the method or motive which prompted appellant to arrest Mr. Stock on the occasion it is claimed he was killed and that it should not be considered for any other purpose. Virgil Hankins testified that one night in November 1940 the appellant stopped him on the Road Fork of Pond Creek and drew a gun on him and told him if he tried to get by him he would "shoot hell out" of him. This evidence was excluded from the consideration of the jury. Dan L. Cyrus testified that on the night of April 20, 1940, appellant flashed a light and gun on him and told him he was under arrest. This evidence was excluded from the consideration of the jury. While we have consistently held that the commonwealth cannot introduce evidence of other crimes to prove the commission of the crime for which the defendant is on trial, Cook v. Commonwealth, 232 Ky. 613, 24 S. W. (2d) 269, such evidence is competent when it tends to establish motive for the commission of the crime under trial or when the different offenses were committed by novel means in a peculiar manner, or are part of a plan or system of criminal action. We think the evidence complained of to have been competent to show that the arrest of Stock was a part of a plan or scheme of the defendant to unlawfully extract money from persons under like and similar circumstances and which motive was ascribed to him by the commonwealth.

We have consistently followed the rule governing the introduction of such testimony as laid down in the case of Music v. Commonwealth, 186 Ky. 45, 216 S. W. 116, 119 which is:

"When one is being tried for a crime, the relevancy of the proof of other crimes of which he has been guilty is only in case where a crime has been proven and the proof of some other crime is necessary to identify the accused as the person who committed the crime proven, as above stated; or, where it is necessary to show guilty knowledge in the accused, it is relevant to prove that at another time and place, not too remote, the accused committed, or attempted to commit, a similar crime to the one of which he is accused; or, where it is necessary to show a particular criminal intent in the person on trial, or to show malice in him, or the motive for the commission of the crime, or to show that the crime of which he is being tried is a part of a plan or system of criminal actions, it is relevant to prove against the accused, under proper instructions of the court to the jury, other crimes of which the accused has been guilty."

Appellant next complains that the court erred in giving instruction No. 5 in which the court instructed the jury that if they believed the deceased, "William Frederick Stock parked his automobile on the highway and was having sexual intercourse with his wife in the car and upon said highway in the presence of defendant, the defendant had the right to and it was his duty to arrest the said William Frederick Stock." The complaint in respect to this instruction is that the instruction required the jury to believe that the deceased was guilty of both unlawful parking and sexual intercourse on the highway before an arrest could be made, whereas, he contends, he had the right to make the arrest if Stock were guilty merely of unlawful parking. Appellant made no claim that he made the arrest because the car was wrongfully parked on the highway and therefore he was not entitled to an instruction permitting the jury to find that the arrest was lawful if the deceased's car was merely wrongfully parked. The instruction set out his defense in clear and concise manner and certainly was not prejudicial to his rights.

Appellant finally complains that the verdict of the jury was flagrantly against the evidence. If the evidence for the commonwealth is true, the Stocks were committing no offense at the time that appellant made the arrest and he therefore had no right to arrest them for

the crime he charged them with. That being true, the deceased was not required to submit to the arrest and the killing occurred as a result of an unlawful act of the appellant. Under those circumstances, we are not prepared to say that the verdict of the jury was flagrantly against the evidence.

Perceiving no error prejudicial to appellant's substantial rights, the judgment is affirmed.

Whole court sitting.