**J. B. HARRELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 30, 1959.

E. R. Gregory, Bowling Green, Terry Hatchett, Glasgow, for appellant.

Jo M. Ferguson, Atty. Gen., William E. Allender, Asst. Atty. Gen., for appellee.

BIRD, Judge.

J. B. Harrell was indicted under KRS 434.070 on a charge of uttering a "cold check." He was convicted and sentenced to two years in the state penitentiary. He appeals and charges divers errors upon which he relies for a reversal.

He first contends that the court erred in overruling his demurrer to the indictment. He charges failure to allege that the payee parted with something of value during the transaction in which the check was accepted. It is alleged that the check was given in payment for the "purchase of livestock." Purchase implies the conveyance of title from seller to buyer and title is a thing of value. Taylor v. McDonald's Heirs, 2 Bibb 420, 5 Ky. 420; McGowen v. Hoy, 5 Litt. 239, 15 Ky. 239. However, a complete offense under KRS 434.070 is not charged unless it is alleged that the thing of value was obtained simultaneously with the giving of the check. Maggard v. Commonwealth, Ky., 262 S.W. 2d 672. We fail to find such averment in the indictment and the court for this reason erred in overruling the demurrer.

He claims error because of irregularities in the grand jury proceedings. He complains that the testimony was not sufficient to warrant the return of an indictment. The legality and sufficiency of evidence heard by a grand jury is not subject to review in this Court. Criminal Code of Practice, § 107; Rice v. Commonwealth, Ky., 288 S.W.2d 635.

He next complains that the court would not permit him to ask proper questions on voir dire.

Without detailing the questions propounded it is sufficient to say that each of the controversial questions either attempted to state the case, to instruct on the law peculiar to the case or inquire into the jurors' knowledge of that law. We have concluded that the questions were im-

proper and that the court did not err in his ruling. 50 C.J.S. Juries § 275, pages 1042, 1043; People v. Jefferson, 84 Cal.App.2d 709, 191 P.2d 487.

The court failed to swear the jury in accordance with Criminal Code of Practice, Section 21, until after the Commonwealth had concluded in chief and it failed to admonish the jury upon their separation before being sworn. It is contended that the case should be reversed because of the court's failure so to do. It is not likely that these errors will be repeated on another trial and, since the case must be reversed on other grounds, we think it unnecessary to write on the point.

█ At the time of trial appellant had been adjudged a bankrupt and the case was then pending in the U. S. District Court. The check involved in this action had not been paid and could well have been involved in the bankruptcy proceeding.

The court, over appellant's objection, permitted the Commonwealth to cross-examine appellant concerning the amount of fee paid to one of his attorneys. The fee was revealed to be substantial. The normal reaction of an ordinary juror to this revelation is this: You could have used that money to pay the check or other debts. It is our opinion that the information elicited from appellant could have served only the purpose of inflaming the jury. We have held that a mere reference to the fee paid by defendant to his attorney is improper. Goff v. Commonwealth, 241 Ky. 428, 44 S.W.2d 306. Here we have much more than mere reference. We have the fee revealed and under the peculiar circumstances of this case it is highly prejudicial. The case should be reversed on this ground but we have yet another error more highly prejudicial.

██ Appellant's other attorney, a Mr. Hatchett, was trustee in appellant's bankruptcy proceeding. He was participating in the trial when the court, upon the Commonwealth's motion, precluded him from further participation because of his service as trustee in bankruptcy. Mr. Hatchett was at the time and now is a member in good standing of the Kentucky State Bar Association. The court had no right to preclude the attorney from the practice of this case. We have found no law in this state to justify the trial court's action. If his position as an attorney and his position as a trustee are inconsistent, the matter addresses itself to federal authority or perhaps to the Kentucky State Bar Association. We can conceive of no legal justification for such summary disbarment by the trial court. It is our opinion that the trial court's action is in flagrant conflict with Section 11 of the Kentucky Constitution insofar as it provides a right to be heard by counsel.

The Commonwealth does not deny the error but it insists that the error is not prejudicial because the trial was ably conducted by the remaining lawyer. We have so held in many cases where continuances have been refused because of the absence of one or more lawyers. Mullins v. Commonwealth, 227 Ky. 514, 13 S.W.2d 535; Hatfield v. Commonwealth, 287 Ky. 467, 153 S.W.2d 892. A little nearer to our present case is Spencer v. Commonwealth, 237 Ky. 283, 35 S.W.2d 319, 321, in which we said:

"Section 11 of our Constitution provides that in all criminal prosecutions the accused has the right to be heard by himself and counsel. Ordinarily the court should permit the attorney employed and selected by the accused to represent him at all stages of the trial. Here, however, the appellant informed the court when he was arraigned that he had no counsel, and the court appointed two attorneys to represent him. A careful inspection of the record shows that Mr. Eversole had represented appellant throughout the trial with ability, his examination and cross-examination of the witnesses evincing a thorough familiarity with the facts, and, under the circumstances, the trial

court did not abuse a sound discretion in refusing to permit an attorney *employed during the last stages of the trial to make the argument before the jury.* Appellant was not deprived of any constitutional right." (Emphasis ours.)

We concluded by our holdings in the foregoing cases and others of like character that the defendant was heard by counsel within the meaning of Section 11 and that his constitutional right was not violated. However, the right to employ a lawyer of one's choice was not directly or indirectly involved in any of those cases as it is here.

The trial court erroneously holds in this case that a trustee in bankruptcy cannot practice the bankrupt's criminal case and in effect limits the field of attorneys from which he must select counsel. Under Section 11 the defendant has a right to employ counsel of his own unrestricted choosing from a field of lawyers limited only by rules that govern the practice of law in this state.

It is our further opinion that Section 11 establishes without doubt the right to be represented by any employed counsel who is present for the purpose of participation in the trial. These constitutional rights have been denied him and the question of prejudice is therefore immaterial. In Henry v. Commonwealth, Ky., 316 S.W.2d 864, 865, we said:

"When, as here, a constitutional right has been violated the question of prejudice is immaterial. Preservation of the right is and should be the court's paramount concern and not the actual effect of the violation on the outcome of the trial."

Insofar as Spencer v. Commonwealth, supra, is in conflict with this opinion it is overruled.

The appellant has set forth other grounds which we find unnecessary to discuss at length. We suggest however as follows: (1) A more strict compliance with the rules

of evidence about which complaint has been made; (2) that closing arguments of counsel be confined to the record and reasonable inferences to be drawn therefrom.

The trial court and the parties will be advised that we find no error in the instructions.

For the reasons stated the judgment is reversed.