**C. G. STILES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 23, 1961.

Rehearing Denied Sept. 22, 1961.

Hobson L. James, Elizabethtown, for appellant.

John B. Breckinridge, Atty. Gen., John Browning, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Charles G. Stiles, was convicted of uttering a "cold check" under KRS 434.070. He was sentenced to one year's confinement in the penitentiary.

On February 8, 1960, the property of Joe Gibson was sold at auction. Appellant attended the sale and purchased some property. In payment he gave a check in the sum of $160.25, drawn on the Marion National Bank of Lebanon, Ky. On the same day the check was deposited to Joe Gibson's account at the Bank of Magnolia. It was transmitted to the Marion National Bank where payment was refused. On February 13, 1960, it was charged back to Joe Gibson's account at the Bank of Magnolia.

Appellant testified that when he gave the check to the auction clerk he asked him to hold it until the latter part of the week (which was denied by witnesses for the Commonwealth) and also told him he would not remove immediately the items purchased. Three or four days later the articles were moved.

Appellant urges as grounds for reversal that: (1) The trial court should have instructed the jury to find appellant not guilty; (2) the instructions were erroneous; (3) he did not have a fair trial because of misconduct of the Commonwealth's attorney.

Appellant's first contention is based upon two grounds:

■ *A.* Under KRS 434.070, no offense is committed unless a thing of value is obtained simultaneously with the giving of the check. Such is the theory of the law. See Maggard v. Commonwealth, Ky., 262 S.W. 2d 672; and Harrell v. Commonwealth, Ky., 328 S.W.2d 531. Here he seeks application of that rule because the property was not removed immediately from the premises.

■ It is the general rule that the contract of sale is made and the title to the goods passes when the auctioneer accepts a bid. 5 Am.Jur., Auctions, § 41. Prior to the adoption of the Uniform Sales Act, this court had adhered to the rule that title passed at the time the contract of sale was entered into, regardless of payment of the purchase price or delivery. Troy Refining Corp. v. Slagter Oil & Grease Co., D.C., 61 F.Supp. 369. Subsection (1) of KRS 361.-190, which was in effect at the time of the alleged crime, reads:

"Where there is an unconditional contract to sell specific goods, in a deliverable state, the property in the goods passes to the buyer when the contract is made and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed."

■ We, therefore, conclude that title passed on the day of the sale, simultaneously with delivery of the check.

*B.* Appellant argues that a peremptory instruction should have been given because the Commonwealth failed to show appellant did not have sufficient funds in, or credit with the drawee bank for the payment of the check. The Commonwealth introduced "an associate" of the Bank of Magnolia who testified that the check was deposited in the bank to Joe Gibson's account on February 8, 1960, and was returned by the Marion National Bank unpaid because of insufficient funds and charged back to Gibson's account on February 13. No officer of the Marion National Bank appeared to testify regarding the status of appellant's account or his credit in that bank.

In the case of Daily v. Commonwealth, Ky., 248 S.W.2d 425, 426, it was said:

"Under the so-called 'cold check' statute, it must be shown, in order to sustain a conviction, that the drawer of the check not only has insufficient funds in the bank to cover payment, but

that he has no credit with the bank for payment of the check."

However, in the case at bar, the appellant himself established by his testimony that he knew at the time he did not have any funds in the Marion National Bank to pay the check, and also realized he had no credit with that bank. He testified:

"Well, I went up to the bank to make arrangements to take care of this check and I went to the window of Mrs. Avery who is a teller in the bank and asked her if she would change that check to the Citizens National Bank in Lebanon when it came in and send it down there for collection. This is what she told me. I told her who the check was given to and she said let me check, Charlie, I believe that check has done been in and went back, let me check, I am not quite sure. So she checked on the check and it had went in and gone back."

■ With ample cited authority, in Stanley's Instructions To Juries, Vol. 3, § 759, it is written:

"It is well settled that after the court overrules a motion for a peremptory instruction, if the defendant introduces testimony which supplies or establishes the facts necessary to conviction, and thus makes out the case, he can not complain that his motion for a peremptory instruction was overruled, or that the Commonwealth failed to make out a case by competent testimony."

Therefore the case was properly submitted to the jury.

■ Appellant next contends that instruction No. 1 given by the court was erroneous because it did not require the jury to find that a thing of value was obtained simultaneously with the giving of the check. This instruction follows closely the model instruction set forth in § 857 of Stanley's Instructions To Juries, Vol. 3, Page 133, which we have approved on several occasions. Under Instruction No. II the trial court carefully set forth appellant's theory of the case including the question of whether a thing of value passed at the time the check was issued. We find nothing wrong with the instructions.

■ In a motion and grounds for a new trial appellant alleged misconduct on the part of the Commonwealth's attorney in his closing argument to the jury, but this was not developed in the bill of exceptions filed. See Lee v. Commonwealth, Ky., 242 S.W.2d 984. In the brief filed appellant insisted he did not have a fair trial because of alleged misconduct on the part of the Commonwealth's attorney in asking improper questions relating to other offenses. It was not pointed out specifically which questions were objectionable, but presumably it was a reference to the cross-examination of appellant which evoked the admission that he had previously been convicted of a felony. It was proper cross-examination—Nichols v. Commonwealth, Ky., 283 S.W.2d 184—because it was of assistance in determining the amount of credence which should be given to a person's testimony. The court properly sustained objections to a question concerning arrests on other cold check charges.

We believe the accused received a fair trial and the judgment is therefore affirmed.