**Walter BRANNON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 18, 1966.

Ray C. Lewis, Lewis & Weaver, London,
for appellant.

Robert Matthews, Atty. Gen., Frankfort, Lloyd R. Cress, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Walter Brannon, appellant, charged with the murder of Sallee Carpenter, was convicted of voluntary manslaughter and sentenced to imprisonment for five years pursuant to the jury's verdict. KRS 435.010, 435.020. Upon this appeal he presents these assignments of error: (1) the court should not have instructed the jury as to willful murder; (2) appellant should have been granted a continuance because of an absent witness; (3) the court improperly denied a continuance when one of appellant's attorneys became ill during the trial; (4) the court made improper remarks to the jury, and (5) the court should have directed a verdict for the appellant.

The homicide occurred on July 18, 1964, at the Kay-O service station, near Dogpatch, in Laurel County, about ten o'clock p. m. The appellant, accompanied by his younger brother, Kenneth, and Daryl Hurley, had driven to the service station in appellant's car. A can of beer from appellant's car had been furnished to Ed Eversole, who was at the station when appellant and his companions arrived. In some manner the beer can was turned over, and appellant picked it up and drank the beer that was left. Then he threw the beer can toward the trash can, but missed the target. The beer can fell in the "gravels" around the pumps. There was evidence indicating that just before the throwing of the can, a gunshot was fired outside the station. Appellant admitted hearing such a sound, but would not testify whether it was a shot or just a noise like a shot. At any rate, he denied having fired such a shot, and professed not to know who, if anyone, had done so.

Just after the beer can had been thrown, Sallee Carpenter came out of the service station building, demanding to know who had fired the shot and who had thrown the beer can. Carpenter appeared to address his inquiry to Ed Eversole, whereupon the appellant volunteered the information that he had thrown the beer can. Then Carpenter drew a pistol from the left pocket of his trousers and fired a shot near appellant's feet. Then, according to the testimony of appellant, Carpenter put the pistol back in his left pocket, and as appellant turned to walk away, Carpenter struck appellant in the face with his fist. Appellant said that he was slightly staggered by the blow, and as he staggered back he saw Carpenter "going for his gun." It was then that appellant drew his own pistol and fired three shots—all of which struck Carpenter. The death of Carpenter occurred August 3, 1964, as the result of the wounds.

Appellant and his companions left the scene immediately; they drove to Jamestown, Tennessee, where appellant stayed with his uncle for several days before returning to London, Kentucky, to surrender himself to the authorities. En route from the scene of the tragedy to Jamestown, appellant threw the fatal weapon into the Cumberland River.

■ Appellant first contends that prejudicial error was committed by submitting a willful murder instruction to the jury, since the evidence clearly demonstrated that the homicide was not willful murder. The appellant made no objection to the instructions as given, nor did he assert any alleged error in the instructions in any manner. Thus, the claimed error was not preserved for appellate review. Hartsock v. Commonwealth, Ky., 382 S. W.2d 861; Piper v. Commonwealth, Ky., 387 S.W.2d 13; Kaenzig v. Commonwealth, Ky., 390 S.W.2d 648. We note that the alleged error, if any, was harmless anyway. Cf. Jennings v. Commonwealth, Ky., 349 S.W.2d 828.

■ When the case was called for trial, appellant moved for a continuance because of the absence of witness Daryl Hurley.

The motion was accompanied by a statement of the testimony Hurley would give if present. The Commonwealth's Attorney agreed that the statement be read as the evidence of Hurley, and the motion for continuance was denied. It is true that Hurley was one of the eye witnesses to the killing. In fact, he was one of appellant's companions who was with appellant when they arrived at the service station and when they departed after the shooting. However, his evidence would have been simply cumulative of other evidence presented by other eye witnesses. His statement was read to the jury, prefaced by an appropriate admonition by the court that the jury should receive the statement as if Hurley was so testifying in person from the witness stand. In light of the circumstances here, we conclude that no error was committed in this respect. RCr 9.04. Miller v. Commonwealth, Ky., 395 S.W.2d 598.

■ Honorable William J. Weaver, of counsel for appellant, became ill about 4:30 on the afternoon of the trial. He so informed the trial judge, and requested that the trial be postponed until the next day. The court denied the motion, but recessed the trial until 6:00 p. m., when it was resumed with Honorable Ray C. Lewis as attorney for appellant. As requested by Mr. Weaver, the trial judge informed the jury of Mr. Weaver's indisposition, and admonished the jury that Mr. Weaver's absence should in no way be regarded against appellant. Mr. Lewis had participated in the trial, and in steps taken in the proceedings prior to the trial. There is no suggestion of his incompetence, or of his lack of opportunity to properly defend the case. In these circumstances, there was no error committed in denying the motion for continuance. See Hatfield v. Commonwealth, 287 Ky. 467, 153 S.W.2d 892; 6 Ky. 1, Digest, Criminal Law, ⟳593.

■ The case was submitted to the jury during the night session, June 16, 1965, the same day the trial had started. The jury reported to the court its inability to reach a verdict that night. The trial was recessed until the following morning, at which time the trial judge admonished the jury as follows:

> "LADIES AND GENTLEMEN of the jury, now on the trial of this case, what I have to say to you should in no way influence your decision, either for or against the Commonwealth, or for or against the defendant, but merely point out to you that this trial is expensive, both upon the Commonwealth and the defendant. You twelve people have been chosen to decide this issue, and I know of no better qualified people to make the decision. You realize that this issue must be decided by someone, either now or in the future, perhaps by further deliberation you could re-evaluate your decision and opinion in this case, and also consider the opinion and position of the other jurors. With this in mind, I am now re-submitting this case to you to see if you can reach a verdict. The admonition that I gave you last night is now withdrawn. You can take the instructions and retire to the jury room and see if you can reach a verdict."

We do not consider the quoted admonition as prejudicial. The question has been discussed in many cases, including Collins v. Commonwealth, Ky., 396 S.W.2d 318. The cited precedent is dispositive of the point under discussion.

■ Appellant was not entitled to a directed verdict of acquittal. He admitted killing the victim; he pitched his case on self-defense. There was contrariety in the evidence amply supporting the theory that appellant did not act in self-defense. The jury was not required to accept appellant's version of the incident. Cf. Stephens v. Commonwealth, Ky., 382 S.W.2d 397; Spencer v. Commonwealth, Ky., 349 S.W.2d 841, and cases compiled in 10A Ky.Digest, Homicide, ■

The judgment is affirmed.