Dennie MILLER and Delbert (Deb) Caudill, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 22, 1965.

Rehearing Denied Dec. 3, 1965.

S. M. Ward, Hazard, for appellants.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Delbert (Deb) Caudill and Dennie Miller were separately indicted, but were tried jointly and convicted. Caudill was charged with maliciously striking and wounding Clifford Campbell with a deadly weapon, with intent to kill; Miller was charged with aiding and abetting Caudill in the commission of the offense. KRS 435.170(2). Pursuant to the jury's verdict, each of the appellants was sentenced to imprisonment for two years. In this appeal three grounds for reversal are presented: (1) the trial court erred in refusing a continuance; (2) the verdict is flagrantly against the evidence, and (3) a peremptory instruction of acquittal should have been given for appellant Miller.

▌ On the day of trial appellants filed affidavits setting out the unavoidable absence of two witnesses. The substance of the testimony expected from the witnesses was set forth in the affidavits. The trial court permitted the affidavits to be read to the jury as the evidence of the witnesses, without objection by the Commonwealth's Attorney. RCr 9.04 provides that in such circumstances the trial shall not be postponed. We are not to be understood as holding that RCr 9.04 forecloses the exercise of sound judicial discretion, but to hold that in the case at bar there was no abuse of the discretion. As to one of the absent witnesses, the appellant did not aver that the witness would or could be made available to the jurisdiction of the court—but said that the witness was out of the state. The other absent witness did not see the fight, but would have testified that Clifford Campbell and his companions had avowed their intention to "beat up" the appellants. We are not able to say that the effect of that testimony was fatally impaired by its submission through affidavit as opposed to the personal presence of the witness. Cf. Dunn v. Commonwealth, Ky., 350 S.W.2d 709.

▌ The verdict was not flagrantly against the evidence. The witnesses for the prosecution testified to an unprovoked assault by the appellants; the appellants gave evidence directly in conflict. The jury had the right to resolve the issue—the evidence in support of the verdict was substantial and ample to support the verdict. In such a case we are not able to say that the verdict is flagrantly against the evidence. See Turner v. Commonwealth, Ky., 328 S.W.2d 536, and authorities discussed there.

It is vigorously argued that in any event a directed verdict should have been given as to appellant Miller. The basis for this contention is that Miller did not aid and abet Caudill. The evidence for the prosecution was that Miller *first* hit Campbell with a pistol, and that while Campbell was virtually unconscious as the result of it, Caudill beat Campbell with a club. Campbell suffered the loss of vision in an eye as the result of the beating, according to evidence for the Commonwealth. For appellant Miller it is urged that there is no evidence that Miller aided Caudill with respect to the clubbing of Campbell; that Miller's prior striking of Campbell with the pistol had no relation to the activities of Caudill. In support of this point, appellant Miller relies on Whitt v. Commonwealth, 221 Ky. 490, 298 S.W. 1101; Fairchild v. Commonwealth, 312 Ky. 741, 229 S.W.2d 754; Moore v. Commonwealth, Ky., 282 S.W.2d 613; and Howard v. Commonwealth, 304 Ky. 149, 200 S.W.2d 148. Those cases recognize the rule:

> "To constitute an aider and abettor, sometimes called a principal in the second degree, it is essential that he be present, actually or constructively, at the commission of the crime, and participate in it, sharing the criminal intent of the principal in the first degree." Whitt v. Commonwealth, supra, at 298 S.W. 1103.

The Commonwealth does not challenge the rule, but contends that the facts at hand warrant its application to appellant Miller. We agree. In his own testimony, Miller gave the following account of the melee:

"Q. 17 What did Clifford Campbell say to you?

A. He come out and said, 'Son, I have waited long enough on that money, you have owed me a long time,' and he started pulling me out of the car and then his daddy run around and Deb run around and took his arm and knocked him out of the way.

Q. 18 Did you ever hit Clifford with anything but your fist?

A. No, I might have kicked him with my foot.

Q. 19 What did he do?

A. He jerked me out of the car.

Q. 20 Did he have anything in his hand?

A. He had something in his right hand, you could just see—looked like the blade of a knife sticking out of his hand.

Q. 21 How many times did you hit him?

A. I don't know.

Q. 22 What was he doing when Deb hit him?

A. Me and him was fighting."

In view of the fact that these events occurred almost simultaneously, coupled with the fact that Miller and Caudill were together that night, it is our view that the jury properly could believe that Miller's actions in the conflict were in support of Caudill's part in it. It is apparent from Miller's testimony that Caudill (referred to as "Deb" in the quoted testimony) came to the aid of Miller—to "even" the fight when Campbell's "daddy" entered the fray. According to Miller, "me and him was fighting" when "Deb" hit him. That is, Miller was fighting Campbell when Deb hit Campbell. We think this is sufficient basis to hold appellant Miller as an aider and abettor. See Warfield v. Commonwealth, Ky., 334 S.W.2d 913.

The judgment is affirmed as to each of the appellants.